﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 191031-41248
DATE: November 27, 2019

ORDER

Service connection for bilateral hearing loss is denied.

FINDING OF FACT

The weight of the evidence is against finding the Veteran’s current hearing loss is related to service.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Air Force from October 1953 to October 1973.

1. Service connection for bilateral hearing loss

The Veteran contends he developed hearing loss from noise exposure in service.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). To establish entitlement to service-connected compensation benefits, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service” – also known as the “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010).

The Board must consider all the evidence of record and make appropriate determinations of competence, credibility, and weight. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). When there is an approximate balance of positive and negative evidence regarding any material issue, all reasonable doubt is resolved in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

The Veteran is competent to describe symptoms observable to his senses, but he is not competent to diagnose a hearing loss disability or determine its cause as this requires specialized medical training. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

Based on the evidence, the Board finds that the criteria for service connection for hearing loss have not been met. 38 C.F.R. § 3.303.

As a preliminary matter, the Board notes that on October 31, 2019, the Veteran submitted a statement in support of his claim. To the extent that this statement asserted an argument for why service connection should be granted, the Board will consider it. However, as this statement was added to the claims file during a period of time when new evidence was not allowed, evidence from the Veteran’s reports of activities in service and after cannot be considered by the Board. 38 C.F.R. § 20.300(a). The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The evidence shows current hearing loss disability. The February 2019 examiner diagnosed sensorineural hearing loss in both ears and measured hearing loss values that satisfy the VA definition of hearing loss disability. See 38 C.F.R. § 3.385. As such, the first element of service connection has been satisfied. See Holton, 557 F.3d at 1366.

Next, the evidence shows noise exposure in service. The Veteran’s military personnel records show he worked as a weapons controller, pilot, and flight commander and participated in combat flights. The Agency of Original Jurisdiction (AOJ) conceded that the Veteran’s military occupational specialty had a high probability of noise exposure. As the evidence shows in-service noise exposure, the second element of service connection is satisfied. See Holton, 557 F.3d at 1366.

Nevertheless, the weight of the evidence is against finding the Veteran’s current hearing loss is due to in-service noise exposure. Service treatment records do not show maintained loss of hearing. Under the VA standards, normal hearing is found when the auditory thresholds at the 500, 1000, 2000, 3000, and 4000 Hertz frequencies are under 26 decibels. 38 C.F.R. § 3.385. The Veteran had numerous hearing evaluations in service. 

Evaluations in February 1953, November 1953, August 1955, and October 1955 revealed normal hearing; a hand-written chart in the September 1956 report of medical history shows 30 decibels at the 2,000 Hertz frequency in both ears and 35 decibels at the 4,000 Hertz frequency in the left ear. The July 1958 evaluation revealed normal hearing, and the July 1959 evaluation revealed normal hearing at all frequencies except for 30 decibels at 3,000 Hertz in the left ear. Examinations in August 1963, June 1964, July 1965, October 1966, August 1967, and August 1968 revealed normal hearing. In July 1969, the evaluation measured 30 decibels at the 4,000 Hertz frequency in the left ear but otherwise normal hearing, and then, the Veteran had normal hearing on evaluations in July 1970, March 1971, July 1971, July 1972, and at separation in June 1973. 

A comparison of the February 1953 entrance and June 1973 separation evaluations is as follows:

HERTZ

02/1953 250 500 1000 2000 3000 4000 6000

RIGHT 20 15 5 20 0 10

LEFT 10 15 15 15 5 20

HERTZ

06/1973 250 500 1000 2000 3000 4000 6000

RIGHT 5 0 5 5 5 20

LEFT 5 0 0 10 10 10

(All evaluations prior to December 1971 were converted from American Standards Association (ASA) standards to International Standards Organization – American National Standards Institute (ISO-ANSI) standards and/or considered with the more favorable standard unless the standard was indicated on the evaluation.)

The February 2019 examiner found the Veteran’s current hearing loss less likely than not due to or the result of service. The examiner explained that the Veteran’s audiograms show minor fluctuations in thresholds consistent with temporary threshold shifts that are commonly associated with recurring noise exposure; however, there is no evidence that disabling sensorineural hearing loss manifested itself to a compensable degree within service or one year of discharge. The examiner found the Veteran’s hearing loss is more likely the result of 23 years working as a steam fitter post-service without routine use of hearing protection. 

The AOJ requested an addendum opinion to ensure the examiner converted the appropriate hearing evaluations from ASA to ISO-ANSI standards. In September 2019, the VA examiner noted that hearing evaluations had been converted from ASA to ISO, but none showed a significant, permanent threshold shift in hearing. The examiner also noted that in none of the numerous reports of medical history did the Veteran endorse hearing problems. The examiner’s opinion is consistent with in-service evaluations, chronicled above, that showed some instances of hearing thresholds above 25 decibels interspersed amongst largely normal hearing. The opinion is also consistent with the separation report of medical history where the Veteran reported eye problems and hernia but not hearing or ear problems. 

There are no other medical opinions of record and no lay evidence describing ongoing symptoms since service. Therefore, the Board must rely on the VA examiner’s opinion that the Veteran experienced only temporary hearing shifts in service, which returned to normal hearing, and his current hearing loss disability is not due to service. The Board is grateful for the Veteran’s honorable service, and this decision is not meant to detract from that service. However, given the record before it, the Board finds that evidence in this case does not reach the level of equipoise. See 38 U.S.C. § 5107(a). Unfortunately, service connection for hearing loss is not warranted at this time.

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.P. Armstrong, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.